IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 DEC 11  A 10: 52
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

| | |
|---|---|
| SALLY CARSWELL, JAMES CARSWELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv1098-WKW |
| ) | |
| SEARS, ROEBUCK AND COMPANY, ) | (Removed from Circuit Court of Montgomery |
| ) | County, Alabama, CV 2006-2769) |
| Defendant. ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendant, Sears, Roebuck and Company, and, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action filed by Plaintiffs Sally Carswell and James Carswell in the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. In support of this Notice, Defendant shows the following:

### A. PROCEDURAL BACKGROUND

1. This case was commenced by Plaintiff on October 20, 2006, in the Circuit Court of Montgomery County, Alabama, Case No. CV 2006-2769. The documents attached as Exhibit "A" constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2. Defendant was served with process by certified mail on November 9, 2006.

3. This Notice of Removal is filed in the United States District Court for the Middle District of Alabama, Northern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 81 and 1441(a).

1

4.     This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5.     Promptly after the filing of this Notice, Defendants are filing a copy with the Clerk of the Circuit Court of Montgomery County, Alabama as required by 28 U.S.C. § 1446(d).

### B. DIVERSITY OF THE PARTIES

6.     Plaintiffs are both residents and citizens of the State of Alabama. [Complaint, ¶¶ 1-2].

7.     Defendant is a corporation organized under the laws of the State of New York with its principal place of business in the State of Illinois.

8.     The parties identified in Paragraphs 6-7 constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

### C. AMOUNT IN CONTROVERSY

9.     In order to be removable, there must be at least $75,000 in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

10.     In this case, Plaintiffs have not requested a specific amount of damages in their complaint. In such a case, the removing defendant's burden has been stated as follows: "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (finding that, "[a]lthough the present record is inconclusive, the value of [the plaintiff's] claims could conceivably amount to more than $75,000. As noted, her complaint demands general, special, and punitive damages for permanent physical and mental injuries, as well as substantial medical expenses, lost wages, and diminished earning capacity for an

indefinite period of time. Based on these allegations, the amount in controversy might well exceed the jurisdictional amount.").

11.     Here, as in <u>Williams</u>, Plaintiffs claim numerous damages and injuries, including the following: an injury to the head of Plaintiff Sally Carswell; "medical bills;" "pain and suffering;" "considerable mental anguish;" "annoyance;" and "inconvenience." (Complaint, ¶¶ 7, 10, 13). Plaintiff Sally Carswell alleges that her injuries required surgery. (Complaint, ¶ 7). Upon information and belief, such surgery was a fusion of her cervical spine. Furthermore, Plaintiff James Carswell is seeking damages for loss of consortium. (Complaint, ¶¶ 10, 13).

12.     In November of 2005, Plaintiffs represented to Defendant that Plaintiff Sally Carswell had incurred $38,136.96 in medical expenses for treatment of her injuries that are the subject of this action. Although Defendant does not know the amount of damages Plaintiffs will later request at trial, it is quite common for plaintiffs in general to ask for some multiple of their medical expenses--whether that multiple is two times, three times, four times, or beyond. Significantly, only two times Plaintiff Sally Carswell's alleged medical expenses is $76,273.92, thus exceeding the jurisdictional minimum, and said medical expenses are only one facet of Plaintiffs' multi-faceted claim for compensatory damages.

13.     Plaintiffs' Complaint seeks "compensatory damages, punitive damages, costs and fees in such an amount deemed just and reasonable, under the facts and law of this case, in excess of the jurisdictional limits of the Circuit Court." (Complaint, *ad damnum* clauses).

14.     Further, Plaintiff seeks punitive damages in this case for Defendants' alleged wantonness. The United States Supreme Court has consistently made clear that a 4:1 ratio of punitive to compensatory damages is constitutional. *See* <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 581 (1996) (noting that in "<u>Haslip</u> we concluded that even though a punitive damages award of more than 4 times the amount of compensatory damages might be close to the line, it did not cross the line into the area of constitutional impropriety") (internal citations

omitted); Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 23-24 (1991) (affirming punitive damage award to Alabama plaintiff of more than 4 times the amount of plaintiff's compensatory damage award).

15. Thus, assuming that the jury finds Defendant at fault, it is foreseeable that Plaintiff could constitutionally recover more than $75,000 in damages. Thus, Defendant has clearly met its burden of proving that the jurisdictional amount in controversy exists.

Respectfully submitted,

_____
Glenn E. Ireland (IRE002)
Gregory A. Brockwell (BRO209)
Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:   (205) 822-2006
Facsimile:   (205) 822-2057

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on the following via U.S. mail, postage prepaid and properly addressed on this the 11th day of December, 2006:

Aaron J. Luck, Esq.
MCPHILLIPS SHINBAUM, LLP
P.O. Box 64
Montgomery, AL 36101

_____
Of Counsel

4

## CARSWELL v. SEARS, ROEBUCK AND COMPANY

NOTICE OF REMOVAL

EXHIBIT "A":   Copy of Court's File from the Circuit Court of Montgomery County, Alabama, Case No. CV 2006-2769

IN THE CIRCUIT COURT
OF MONTGOMERY COUNTY, ALABAMA

SALLY CARSWELL and JAMES
CARSWELL,

    Plaintiffs,

vs.

CASE #: CV-06- 2769

SEARS, ROEBUCK AND COMPANY
and FICTITIOUS DEFENDANT "A",

    Defendants.



FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2006 OCT 20 AM 10:43

## ORIGINAL COMPLAINT

COME NOW Plaintiffs, by and through the undersigned counsel, and hereby complain of Defendants as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Sally Carswell, is a resident citizen of Montgomery County and is over the age of 19 years.

2. Plaintiff, James Carswell, is a resident citizen of Montgomery County and is over the age of 19 years.

3. Defendant, Sears, Roebuck and Company (hereinafter "Defendant" or "Defendant Sears"), is a foreign corporation doing business in the state of Alabama, Montgomery County, all times relevant to this complaint.

4. Fictious Defendant "A" is the person or entity responsible for the display, upkeep, maintenance, manufacture or repairs of the shoe department located within the Sears, Roebuck and Company at Eastdale Mall in Montgomery, Alabama who's identity is unknown to Plaintiff at this time.

5. All acts and occurrences complained of herein occurred in Montgomery County, Alabama, and the amount in controversy exceeds this Court's minimal jurisdictional limit.

## II. FACTS

6. Plaintiff, Sally Carswell, was shopping in Defendant Sears' place of business at Eastdale Mall on or about November 1, 2004. While shopping in Defendant Sears' place of business she went to the shoe department to look at shoes. While she was in the shoe department of Defendant Sears' store she reached to a top shelf to look at a particular shoe. When she did this the glass shelf, on which the shoe was displayed, fell and struck her in the forehead.

7. Immediately following the incident Plaintiff sought medical treatment and began treating for the injuries caused by the glass shelf striking her in the head. Plaintiff has sustained medical expenses and has been operated on as a result of being hit in the head by the glass shelf.

## III. CAUSES OF ACTIONS

C. **NEGLIGENCE**

8. Plaintiff hereby incorporates by reference paragraphs one (1) through seven (7) above, the same as if more fully set forth herein.

9. Defendant Sears and/or Fictitious Defendant "A" had a duty to provide Plaintiff with safe place to shop and to ensure that all displays were securely fastened to prevent them from falling on a customer. Defendant(s) negligently breached said

duty when they did not 1) ensure that the glass display was safe; 2) perform regular maintenance or repairs on the glass shelving; and, 3) inspect and repair the glass shelving if it was in a defective condition.

10. As a proximate result of Defendants' negligent conduct Plaintiffs have sustained damages, including but not limited to actual and consequential damages medical bills, pain, suffering and considerable mental anguish, annoyance, and inconvenience and loss of consortium.

WHEREFORE, premises considered, Plaintiffs demand judgment against Defendant(s) for compensatory damages, punitive damages, costs and fees in such an amount deemed just and reasonable, under the facts and law of this case, in excess of the minimal jurisdictional limits of the Circuit Court.

B.   WANTON/RECKLESS CONDUCT

11. Plaintiff hereby incorporates by reference paragraphs one (1) through ten (10) above, the same as if more fully set forth herein.

12. Defendant Sears and/or Fictious Defendant "A" had a duty to provide Plaintiff with safe place to shop and to ensure that all displays were securely fastened to prevent them from falling on a customer. Defendant(s) recklessly or wantonly breached said duty when they did not 1) ensure that the glass display was safe; 2) perform regular maintenance and/or repairs on the glass shelving; and, 3) inspect and repair the glass shelving if it was in a defective condition.

13. As a proximate result of Defendants' reckless/wanton conduct Plaintiffs have sustained damages, including but not limited to actual and consequential damages medical bills, pain, suffering and considerable mental anguish, annoyance,

and inconvenience and loss of consortium.

**WHEREFORE**, premises considered, Plaintiff demands judgment against Defendant(s) for compensatory damages, punitive damages, costs and fees in such an amount deemed just and reasonable, under the facts and law of this case, in excess of the minimal jurisdictional limits of the Circuit Court.

Respectfully submitted this 18th day of October, 2006.

Respectfully submitted,

_____
AARON L. LUCK (LUC014)

OF COUNSEL:
McPhillips Shinbaum, L.L.P.
516 S. Perry Street (36104)
P.O. Box 64
Montgomery, AL 36101-0064
Phone 334/262-1911
Facsimile 334/263-2321

Note: Discovery is being served upon Defendant Sears with this Original Complaint.

H:\MyFiles\Active Files\Carswell\originalcomplaint.wpd

## SUMMONS
## -CIVIL-

IN THE CIRCUIT COURT OF <u>MONTGOMERY</u> COUNTY   CASE NO. <u>CV-06- 2769</u>

<u>SALLY CARSWELL AND JAMES CARSWELL</u>, Plaintiff

v.

<u>SEARS, ROEBUCK AND COMPANY and FICTITIOUS DEFENDANT "A"</u>, Defendant

NOTICE TO:   THE CORPORATION COMPANY
2000 INTERSTATE PARK DRIVE STE 204
MONTGOMERY, AL 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY, Aaron J. Luck, WHOSE ADDRESS IS 218 SOUTH PERRY STREET, MONTGOMERY, AL 36104

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the <u>Alabama Rules of Civil Procedure</u>:

<u>X</u>   You are hereby commanded to serve this summons and a copy of the complaint in this action upon the Defendant.

___ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the <u>Alabama Rules of Civil Procedure</u>.

Date __11/04/06__  _____ By: ___
Clerk/Register

___ Certified Mail is hereby requested
                                                Plaintiff's/Attorney's Signature

FILED CIRCUIT COURT OF MONTGOMERY COUNTY 2006 OCT 20 AM 10:03

RETURN ON SERVICE:

___ Return receipt of certified mail received in this office on _____

___ I certify that I personally delivered a copy of the Summons and Complaint _____ in _____ County Alabama, on _____
                (Date)

Date _____    Server's Signature _____

Address of Server _____   Type of Process Server _____

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93  Rev. 1/94 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Case) | Case Number<br>[C][V][ ][ ][ ][ ][ ][ ][ ]-[ ][ ]<br>Date of Filing:    Judge Code:<br>[ ][ ][ ]  [ ][ ][ ][ ]<br>Month Day Year |
|---|---|---|

### GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ COUNTY, ALABAMA
SALLY CARSWELL AND JAMES CARSWELL V. SEARS, ROEBUCK AND COMPANY AND FICTITIOUS DEFENDANT "A"
                PLAINTIFF                                                                    DEFENDANT

First Plaintiff   [ ] Business      [ ] Individual          First Defendant   [ ] Business       [ ] Individual
                  [ ] Government    [ ] Other                                 [ ] Government     [ ] Other

**NATURE OF SUIT:** In the column of boxes preceding the categories listed below, number the boxes (in order of priority; one = highest priority) that best describes or categorizes the categories the basis or theory of your suit. You may number up to five case types.

**TORTS PERSONAL INJURY**
[ ] WDEA - Wrongful death
[X] TONG - Negligence: General
[ ] TOMV - Negligence: Motor Vehicle
[ ] TOWA - Wantonness
[ ] TOPL - Product Liability/AEMLD
[ ] TOMM - Malpractice-Medical
[ ] TOLM - Malpractice-Legal
[ ] TOOM - Malpractice-Other
[ ] TOXX - Other: __

**TORTS PROPERTY INJURY**
[ ] TOPE - Personal Property
[ ] TORE - Real Property

[ ] RPRO - Real Property
[ ] ACCT - Account & Non-Mortgage
[ ] COXX - Contract: All other
[ ] CVRT - Civil Rights
[ ] WTEG - Wills/Trusts/Estates/Guardianships
[ ] EQND - Non-Damage Actions (Declaratory Judgment, Injunction)
[ ] MSHC - Habeas Corpus/Extraordinary Writ
[ ] ADPA - Admin. Procedure Act
[ ] FELA - Railroad/Seaman (FELA)
[ ] COMP - Worker's Compensation
[ ] COND - Condemnation (Fruits of Crime, Rt of Way, Aband. Vehicle)
[ ] CVXX - Other: __

**ORIGIN** (check one)   F [X] INITIAL FILING        A [ ] APPEAL FROM DISTRICT COURT        O [ ] OTHER: __
                         R [ ] REMANDED              T [ ] TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   [X] YES    [ ] NO    NOTE: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, ARCP, for procedure)

**RELIEF REQUESTED:**  $_____ Compensatory    $_____ General
                      $_____ Punitive         [ ] NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** LIV001I14    Date: October 17, 2006    Signature of Attorney/Party filing this form

[Filed stamp: 2006 OCT 20  CIRCUIT COURT OF MONTGOMERY COUNTY]

### DISPOSITION (TO BE COMPLETED BY THE COURT)

| DISPOSITION DATE: | ADMINISTRATIVE DOCKET: | TRIAL BEGUN NO VERDICT: | JUDGE TAKING FINAL ACTION: |
|---|---|---|---|
| [ ][ ] [ ][ ] [ ][ ][ ][ ]<br>Month Day Year | [ ][ ] [ ][ ] [ ][ ][ ][ ]<br>Month Day Year | [ ][ ] [ ][ ] [ ][ ][ ][ ]<br>Month Day Year | [ ][ ][ ][ ][ ]<br>Judge Code |

**JUDGMENT FOR PLAINTIFF**
Type:                Amount
F  ☐ Default              $_____ Compensatory
A  ☐ Consent
M  ☐ Summary              $_____ Punitive
N  ☐ Bench Trial
J  ☐ Jury Trial           $_____ General
O  ☐ Other: _____      ☐ NO MONETARY AWARD

**JUDGMENT FOR DEFENDANT**
Type:                Amount
F  ☐ Default              $_____ Compensatory
A  ☐ Consent
M  ☐ Summary              $_____ Punitive
N  ☐ Bench Trial
J  ☐ Jury Trial           $_____ General
O  ☐ Other: _____      ☐ NO MONETARY AWARD

**DISMISSALS**
R ☐ Dismissed With Prejudice        T ☐ Transferred to Other Circuit/Venue
P ☐ Dismissed Without Prejudice     O ☐ Other: _____
S ☐ Prejudice

TRIAL BEGAN  [ ][ ] [ ][ ] [ ][ ][ ][ ]
             Month Day Year

TRIAL ENDED  [ ][ ] [ ][ ] [ ][ ][ ][ ]    Number of Trial Days: [ ][ ]
             Month Day Year

IN THE CIRCUIT COURT
OF MONTGOMERY COUNTY, ALABAMA

SALLY CARSWELL and JAMES
CARSWELL,

    Plaintiffs,

vs.

CASE #: CV-06-2769 

SEARS, ROEBUCK AND COMPANY
and FICTITIOUS DEFENDANT "A",

    Defendants.

### PLAINTIFFS' FIRST CONSOLIDATED REQUEST FOR DISCOVERY

COME NOW Plaintiffs, by and through the undersigned counsel, and hereby in accordance with the Alabama Rules of Civil Procedure submit the following consolidated discovery request:

### I. INTERROGATORIES

1. State the name, address, telephone number and position held with Defendant Sears of each and every person answering these interrogatories.

2. State the name, address and telephone number of the person or entity which, in any way is responsible for the display, upkeep and maintenance of the shoe department located within the Sears, Roebuck and Company at Eastdale Mall in Montgomery, Alabama during November 2004.

3. State the name, address and telephone number of any person Defendant knows or believes witnessed the glass shelf fall on Plaintiff on November 1, 2004.

4. State the name, address and telephone number of each and every

employee, manager, agent or servant of Defendant Sears on duty November 1, 2004 at Defendant's Eastdale Mall store.

## II. REQUEST FOR PRODUCTION

1. Produce a copy of any and all accident/incident reports related to Plaintiff, Sally Carswell, documenting the incident/accident that occurred in Defendant's place of business at Eastdale Mall on, or about, November 1, 2004.

2. Produce a copy of any and all insurance policies you had in effect at the time of this incident which may in any way may be liable to satisfy part or all of a judgement which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

3. Produce a copy of any and all documents, telephone records, messages, notes, letters or similar items which, in any way, show and/or reflect any contact with either Plaintiff.

4. Produce a copy of any and all audio tapes, video tapes, video discs, digital media or any other item which, in any way, depicts or captures images or audio of Plaintiff.

## III. ADMISSIONS

1. Admit that Plaintiff was in Defendant Sears' store at Eastdale Mall on November 1, 2004.

2. Admit that while Plaintiff was in Defendant Sears' store at Eastdale Mall on November 1, 2004 she was injured.

3. Admit that while Plaintiff was in Defendant Sears' store at Eastdale Mall on November 1, 2004 she was injured when a glass display shelf fell on her.

4. Admit that Defendant Sears and/or its agents, servants or employees were responsible for the display, upkeep and maintenance of the shoe department located within Sears, Roebuck and Company at Eastdale Mall in Montgomery, Alabama on November 1, 2004.

Respectfully submitted this 18th day of October, 2006.

OF COUNSEL:
McPhillips Shinbaum, L.L.P.
516 S. Perry Street (36104)
P.O. Box 64
Montgomery, AL 36101-0064
Phone 334/262-1911
Facsimile 334/263-2321

Respectfully submitted,

_____
AARON J. LUCK (LUC014)

H:\MyFiles\Active Files\Carswell\Discovery.wpd