IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SALLY CARSWELL, JAMES CARSWELL, )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>SEARS, ROEBUCK AND COMPANY, )<br>)<br>    Defendant. ) | CIVIL ACTION NO.:<br>2:06-cv-01098-WKW-DRB<br><br>JURY TRIAL DEMANDED |

## ANSWER

COMES NOW the Defendant, Sears, Roebuck and Company, and responds to Plaintiff's Complaint as follows:

### RESPONSE TO SPECIFIC ALLEGATIONS OF COMPLAINT

For response to Plaintiff's individually numbered paragraphs within his Complaint, Defendant responds as follows:

    1.    Admitted, upon information and belief.

    2.    Admitted, upon information and belief.

    3.    Admitted.

    4.    No response required from Defendant.

    5.    Admitted, upon information and belief.

    6.    Denied.

    7.    Defendant is without sufficient information to admit or deny the allegations contained in this paragraph at this time. As such, such allegations are denied.

## COUNT ONE
### (Negligence)

8. Defendant reaffirms and realleges its responses to the previous paragraphs and incorporates same by reference as is set forth fully herein.

9. Denied.

10. Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the *ad damnum* paragraph.

## COUNT TWO
### (Wanton/Reckless Conduct)

11. Defendant reaffirms and realleges its responses to the previous paragraphs and incorporates same by reference as is set forth fully herein.

12. Denied.

13. Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the *ad damnum* paragraph.

## FIRST DEFENSE

The Complaint does not state a cause of action upon which relief can be granted.

## SECOND DEFENSE

Defendant denies that it was guilty of any negligence or wantonness which proximately caused or contributed to the cause of Plaintiffs' alleged injuries and damages.

## THIRD DEFENSE

Defendant avers that on the occasion of the accident made the basis of this suit, Plaintiff was guilty of negligence which proximately contributed to cause her alleged injuries and damages.

## FOURTH DEFENSE

Plaintiff's injuries and damages, none of which are admitted, but are expressly denied, were not the result of any acts or omissions of Defendant, but were the result of acts or omissions of other persons.

## FIFTH DEFENSE

Plaintiff is barred from recovering under the Complaint in that there is no causal connection or relationship between the alleged negligence or wantonness of Defendant and her alleged injuries or damages.

## SIXTH DEFENSE

Defendant avers Plaintiff is not the proper party to prosecute this action.

## SEVENTH DEFENSE

Defendant avers that Plaintiff assumed the risk of her injuries and damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred in that the condition complained of was open and obvious.

## NINTH DEFENSE

Plaintiff's claims are barred by collateral estoppel and res judicata.

## TENTH DEFENSE

Plaintiff's Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## ELEVENTH DEFENSE

Plaintiff's Complaint, in each and every count thereof, to the extent that it seeks punitive

or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

### TWELFTH DEFENSE

Any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### THIRTEENTH DEFENSE

Any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

### FOURTEENTH DEFENSE

Any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

### FIFTEENTH DEFENSE

Any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to

the same procedural safeguards accorded to criminal defendants.

## SIXTEENTH DEFENSE

It is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## SEVENTEENTH DEFENSE

It is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## EIGHTEENTH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof by Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## NINETEENTH DEFENSE

Any award of punitive damages to Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

## TWENTIETH DEFENSE

Any award of punitive damages to Plaintiff in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTY-FIRST DEFENSE

The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive damages against multiple defendant for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgment against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## TWENTY-SECOND DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, became, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive

treatment for similar conduct and because the absence of sufficiently objective and specific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

### TWENTY-THIRD DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

### TWENTY-FOURTH DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands trial by jury for all issues so triable.

    Respectfully submitted,

    /s/ Gregory A. Brockwell
    Glenn E. Ireland (IRE002)
    Gregory A. Brockwell (BRO209)
    Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama  35216
Telephone:  (205) 822-2006
Facsimile:  (205) 822-2057

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 13th day of December, 2006:

Aaron J. Luck, Esq.
MCPHILLIPS SHINBAUM, LLP
P.O. Box 64
Montgomery, AL 36101

      /s/ Gregory A. Brockwell
      Of Counsel