IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **SALLY CARSWELL and JAMES CARSWELL,** * | |
| **Plaintiffs,** * | CASE #: 2:06-cv-06-01098-WKW-DRB |
| **vs.** * | |
| **SEARS, ROEBUCK AND COMPANY and FICTITIOUS DEFENDANT "A",** * | |
| **Defendants.** * | |

## MOTION TO REMAND

COMES NOW Plaintiff, by and through undersigned counsel and hereby moves this Honorable Court to remand this cause of action back to the Circuit Court of Montgomery County. In support of this motion the Plaintiff shows the following:

1. When the Plaintiff fails to plead a specific amount of damages, the burden of proof is on the Defendant to prove by preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement, <u>Williams v. Best Buy Co., Inc.,</u> 269 F.3d 1316, 1319 (11th Cir.2001); <u>Allen v. Toyota Motor Sales, U.S.A. Inc.,</u> 155 Fed. Appx. 480 (11th Cir. 2005).

2. Although Plaintiff's medical charges totaled approximately $38,176.96, the healthcare providers accepted as full and final payment a total of approximately $13,373.93. Using Defendant's ratio argument in their notice of removal Plaintiff would need to recoup at least six times her medical bills to exceed $75,000.00. This multiple of her medical bills would encompass her "pain and suffering", "considerable mental anguish", "annoyance" and "inconvenience". (Complaint

paragraphs 7, 10 and 13).

3. Typically in Montgomery County when the Plaintiff's medical bills that are actually paid are less than $15,000.00 a jury would award less than $75,000.00. Further the settlement value of the case would be less than $75,000.00. With that being said, should Plaintiff prevail on this claim the likely verdict would be somewhere less than $75,000.00.

4. The Plaintiff has made a settlement demand in the present case of an amount less than $75,000.00

5. Plaintiff respectfully submits that Defendant has not proved by preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirements.

6. "A Plaintiff's refusal to stipulate that the amount in controversy exceeds $75,000.00, alone, is insufficient to prove that the amount in controversy exceeds the jurisdictional requirement. Williams, 269 F.3d at 1320." *Jarrell v. Giles*, 2006 U.S. Dist. Lexis 83688.

7. The fact that a Defendant claims a jury could award compensatory damages in excess of $75,000.00 falls short of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

8. A federal question does not exist in the present case.

9. The present case does not arise under the laws or constitution of the United States of America nor involves a case or controversy under the laws or constitution of the United States of America.

10. This Court does not have subject matter diversity or pendant jurisdiction

over the issues and matters in the above styled cause as required by *Williams*.

**WHEREFORE**, premises considered Plaintiff respectfully request that this Honorable Court remand this matter back to the Circuit Court of Montgomery County.

Respectfully submitted,

/s/ Aaron J. Luck
Aaron J. Luck (LUC014)
Attorney for Plaintiff

OF COUNSEL:
McPhillips Shinbaum, L.L.P.
516 S. Perry Street  (36104)
P.O. Box 64
Montgomery, AL 36101-0064
Phone 334/262-1911
Facsimile 334/263-2321

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing documents on the following counsel of record by placing a copy of same in the US Mail, postage prepaid, on this 5th day of January, 2007.

Gregory A. Brockwell
Glenn E. Ireland
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216

 /s/ Aaron J. Luck
Of Counsel