**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **SALLY CARSWELL, JAMES CARSWELL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:06-cv-01098-WKW** |
| | ) | |
| **SEARS, ROEBUCK AND COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, MOTION TO STAY REMAND PROCEEDINGS AND FOR LEAVE TO
CONDUCT JURISDICTIONAL DISCOVERY**

---

COMES NOW Defendant Sears, Roebuck and Co. and provides the following Brief and

Alternative Motion in response to Plaintiffs' Motion to Remand (Doc. No. 5):

**I.  BRIEF IN RESPONSE TO MOTION TO REMAND**

**A.  STATEMENT OF FACTS & PROCEDURAL HISTORY**

moves the Court to stay the remand proceedings and deadlines set in its Order (Doc. No. 6) of

January 8, 2007, and grant leave for Defendant to conduct jurisdictional discovery on the issue

of the amount in controversy.  In support thereof, Defendant states as follows:

1.      This case arises from Plaintiff Sally Carswell's alleged accident on Defendant's

premises on or about November 1, 2004, in which a shoe rack allegedly fell and struck Plaintiff

in the head, causing her physical injuries. [Complaint, ¶¶ 6-7].

2.      On November 28, 2005, Plaintiff's counsel sent a letter by certified mail to

Defendant.  Said letter described Plaintiff's injuries and itemized her medical expenses

allegedly resulting from the November 1, 2004, accident on Defendant's premises.  A copy of

the letter is attached hereto as "Exhibit 1."

3.      According to the letter, the total of Plaintiff's medical expenses as of November

28, 2005, was $38,136.96.  Beyond these "special damages," the letter stated:

> Since the above referenced incident at Sears, Ms. Carswell has
> continued to experience severe headaches and pain, in addition
> to having difficulty moving her neck.  She also continues to suffer
> from spasms in her neck on almost a daily basis for which she
> has to take prescription medication.  Due to the aforementioned
> problems, Ms. Carswell has trouble performing numerous day to
> day tasks.  Moreover, she has scars from the surgery that are
> plainly visible on her neck.

[Ex. 1, p. 4].  Thus, Plaintiff's alleged damages from the accident were not limited to medical

bills, but also included other categories of damages, such as pain and suffering, physical

impairment, permanent scarring, and future medical expenses.

4.      Based on these alleged damages, Plaintiff's counsel stated in the letter that

Plaintiff was "willing to consider" settling the claim for "policy limits" of Defendant's insurance

policy. [Ex. 1, p. 4].

5.      Defendant's insurance policy that was in effect at the time of the subject accident

has "policy limits" for bodily injury claims of $5,000,000 per occurrence. [See Declarations page

of Defendant's Liberty Mutual policy, a copy of which is attached hereto as "Exhibit 2"].  Thus,

Plaintiff's settlement demand on November 28, 2005, was for $5,000,000.

6.      Plaintiffs filed their complaint on October 20, 2006, in the Circuit Court of

Montgomery County, Alabama.  In the complaint, Plaintiffs did not seek a specific amount of

damages, instead seeking unspecified "compensatory damages, punitive damages, costs and

fees in such an amount deemed just and reasonable, under the facts and law of this case, in

excess of the minimal jurisdictional limits of the Circuit Court." [Complaint, *ad damnum*].

7.      Based on the diversity of the parties and the amount in controversy indicated by

the description of damages in the complaint and the letter of November 28, 2005, Defendant

removed the case to federal court on December 11, 2006.

8.    It was only after the removal that Plaintiffs began to claim that the correct amount of medical expenses was actually $13,373.93 (*i.e.*, the amount paid by health insurance) instead of $38,176.96 (*i.e.*, the amount charged by the healthcare providers). [Motion to Remand, ¶ 2].

9.    It was also only after the removal that Plaintiffs stated a settlement demand of $71,000. [Motion to Remand, ¶ 4; Letter from Plaintiffs' Counsel of December 22, 2006, a copy of which is attached hereto as "Exhibit 3"]. Notably, although this demand was "based upon all of the medical treatment, medical expenses, pain, suffering, and emotional distress my client has endured to date," it did not mention the loss of consortium claim of Plaintiff James Carswell. [Ex. 3].

10.    Diversity of the parties is undisputed. The only issue before the Court is whether the "amount in controversy" requirement for diversity jurisdiction is satisfied.

### B.  ARGUMENT

### 1.    DEFENDANT HAS MET ITS BURDEN OF PROVING THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

Because Plaintiffs did not request a specific amount of damages in their complaint, Defendant must only satisfy the relatively low burden of proving "by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). Although Eleventh Circuit policy generally favors remand, district courts must "be cautious about remand, lest it erroneously deprive defendant of the right to a federal forum," and the amount in controversy issue "should be decided on the basis of substance, not gamesmanship." Bolling v. Union National Life Ins. Co., 900 F.Supp. 400, 405 (M.D. Ala. 1995); see also Robinson v. GE Capital Mortgage Services, Inc., 945 F.Supp. 1516 (M.D. Ala. 1996)(stating "whether a case is removable to federal court should not be a matter of gamesmanship").

Defendant has not been able to engage in any formal discovery.  As a result, Defendant

is largely at the mercy of Plaintiffs and their counsel on the issue of the value of their claims.

With that in mind, at the time the instant case was removed to federal court, Defendant knew

the following from Plaintiffs and their counsel: (1) Plaintiff Sally Carswell had incurred "special

damages" in the form of medical expenses of at least $38,136.96; (2) Plaintiff Sally Carswell

had continued to experience--for more than a year after the subject accident--"severe

headaches and pain","difficulty moving her neck," "spasms in her neck on almost a daily basis

for which she has to take prescription medication," "trouble performing numerous day to day

tasks," and the need for prescription medications; (3) Plaintiff Sally Carswell had "plainly visible

scars" on her neck; (4) Plaintiff James Carswell had an unspecified claim for loss of consortium;

(5) Defendant Sears allegedly was guilty not only of negligence, but also of "wanton/reckless

conduct;" (6) Plaintiffs were seeking unspecified amounts of punitive damages; and (7) based

on all of this, Plaintiffs had previously stated a settlement demand of "policy limits" (*i.e.*,

$5,000,000).  These facts are plainly sufficient to satisfy the amount in controversy requirement.

It was only after the removal of this case to federal court that Plaintiffs' counsel began

attempting to minimize his clients' claims.  Before removal, the medical damages were

$38,136.96.  After removal, the medical damages were $13,373.93.  Before removal, the

settlement demand was a bold request for "policy limits."  After removal, the demand was for

only $71,000[1].  These changes are the only basis for Plaintiffs' Motion to Remand, and they are

clearly nothing more than transparent "gamesmanship."

Removing Plaintiffs' counsel's gamesmanship from the equation, there is no dispute that

Defendant has met its burden of satisfying the amount in controversy requirement.

---

[1] It should be noted that the letter stating the demand (Ex. 3) did not mention Plaintiff
James Carswell's loss of consortium claim as being included in the demand.  Thus, assuming
the consortium claim had a value as low as $4,000.01, even Plaintiffs' reduced settlement
demand would exceed the amount in controversy threshold.

Accordingly, Defendant has established subject matter jurisdiction in this Court, and Plaintiffs' Motion to Remand is due to be denied.

## II.  ALTERNATIVE MOTION TO STAY REMAND PROCEEDINGS AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY

In the alternative, if the Court determines that Defendant has not met its burden of proving the amount in controversy, Defendant hereby moves the Court to stay the remand proceedings and deadlines set in its Order (Doc. No. 6) of January 8, 2007, and grant leave for Defendant to conduct jurisdictional discovery on the issue of the amount in controversy.  As noted by the Eleventh Circuit, where the pleadings do not reveal whether the court has subject matter jurisdiction, "some sort of discovery may be necessary." Eaton v. Dorchester Development, Inc., 692 F.2d 727, 729 (11th Cir. 1982).  Therefore, "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." Id.  Although some "discretion" is involved, "jurisdictional discovery is not entirely discretionary." Id.  In fact, in quoting one commentator with explicit approval, the Eleventh Circuit indicated that there is a "qualified right to jurisdictional discovery when a court's jurisdiction is genuinely in dispute...Thus, the element of discretion, if any, exists not with respect to whether there will be jurisdictional discovery, but rather only with respect to the form that the discovery will take." Id., n.7 (quoting law review article).  This approach of allowing jurisdictional discovery has been followed in the Middle District. See e.g. Steele v. Underwriters Adjusting Co., Inc., 649 F.Supp. 1414 (M.D. Ala. 1986).

If the Court determines that Defendant has not yet met its burden of proving the amount in controversy, then allowing jurisdictional discovery on the amount in controversy issue is the appropriate "next step."  Defendant seeks only to have Plaintiffs answer the eight (8) requests for admission that are attached hereto as "Exhibit 4."

### III.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Sears respectfully requests this

Honorable Court to deny Plaintiffs' Motion to Remand (Doc. No. 5) or, in the alternative, to stay

the remand proceedings and grant leave for Defendant to conduct jurisdictional discovery on

the issue of the amount in controversy, as further specified above.

Respectfully submitted,


 /s/ Gregory A. Brockwell
Glenn E. Ireland (IRE002)
Gregory A. Brockwell (BRO209)
Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama  35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using
the CM/ECF system which will send notification of such filing to the following on this the 29th
day of January, 2007:

Aaron J. Luck, Esq.
MCPHILLIPS SHINBAUM, LLP
P.O. Box 64
Montgomery, AL 36101

 /s/ Gregory A. Brockwell
Of Counsel

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SALLY CARSWELL, JAMES CARSWELL, )
              )
   Plaintiffs,        )
              )
v.               )   CIVIL ACTION NO. 2:06-cv-01098-WKW
              )
SEARS, ROEBUCK AND COMPANY,   )
              )
   Defendant.        )

---

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFFS' MOTION TO REMAND OR, IN THE
ALTERNATIVE, MOTION TO STAY REMAND PROCEEDINGS AND FOR LEAVE TO
CONDUCT JURISDICTIONAL DISCOVERY**

---

   **EXHIBIT 1:**   **Letter from Plaintiffs' Counsel of November 28, 2005**

---

# McPhillips Shinbaum, L.L.P.

ATTORNEYS AND COUNSELORS AT LAW
516 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104

Julian L. McPhillips, Jr.*
Kenneth Shinbaum
Mary Goldthwaite
Karen Sampson Rodgers
Aaron J. Luck
James G. Bodin**
Joseph C. Guillot

Of Counsel
  G. William Gill

TELEPHONE (334) 262-1911
TOLL FREE (866) 224-8664
FAX (334) 263-2321

Mailing Address
Post Office Box 64
Montgomery, Alabama 36101

\* Also Admitted
  in New York

\*\*Also Admitted
  in District of Columbia

Office Administrator
Amy Strickland

November 28, 2005

**Certified Mail**
Sears
Attn: Mr. William England
Loss Prevention Department
1500 Eastdale Mall
Montgomery, Alabama 36117

      Re:    Our Client:  Sally J. Carswell

Dear Mr. England:

      As you know, this law firm is representing Sally J. Carswell for injuries and damages she sustained from the incident which occurred on or about November 1, 2004, while she and her husband were shopping in the men's shoe department in the Sears located in Eastdale Mall in Montgomery, Alabama. At that time, a shoe rack/display in the men's shoe department fell, striking her about her head and shoulders.

      Enclosed for your information are the following medical records and bills reflecting the medical treatment Sally Carswell has had to receive thus far as a result of the injuries she sustained in this incident·

1.    Jackson Hospital

05.02.05      $435.00
05.03.05      $12.132.50

Total      $12,567.50

2.    Integrated Magnetic Imaging

12.08.04      $2,460.00

Total      $2,460.00

Sears
Attn: Mr. William England
November 28, 2005
Page 2

3.    Dr. Patrick Ryan

| | |
|---|---|
| 04.25.05 | $80.00 |
| 05.03.05 | $17,882.50 |
| 10.03.05 | $40.00 |

**Total**        **$18,002.50**

4.    Radiology Group, P.A.

| | |
|---|---|
| 05.02.05 | $28.00 |
| 05.03.05 | $50.00 |

**Total**        **$78.00**

5.    Rehab Associates, L.L.C.

| | |
|---|---|
| 07.28.05 | $246.00 |
| 08.02.05 | $138.00 |
| 08.08.05 | $186.00 |
| 08.10.05 | $138.00 |
| 08.12.05 | $90.00 |
| 08.15.05 | $138.00 |
| 08.19.05 | $138.00 |
| 08.24.05 | $164.00 |
| 08.26.05 | $138.00 |

**Total**        **$1,376.00**

6.    Adams Drugs

| | |
|---|---|
| 11.09.04 | $81.86 |
| 11.15.04 | $9.33 |
| 11.18.04 | $18.69 |
| 11.22.04 | $9.61 |
| 12.02.04 | $3.04 |
| 12.10.04 | $77.79 |
| 12.23.04 | $5.00 |
| 01.04.05 | $238.71 |
| 01.05.05 | $10.34 |

Sears
Attn: Mr. William England
November 28, 2005
Page 3

| | |
|---|---|
| 01.25.05 | $22.63 |
| 02.01.05 | $24.55 |
| 02.02.05 | $91.52 |
| 02.09.05 | $37.50 |
| 02.16.05 | $5.00 |
| 03.05.05 | $140.03 |
| 03.21.05 | $5.00 |
| 04.02.05 | $9.54 |
| 04.09.05 | $55.65 |
| 04.16.05 | $44.95 |
| 04.29.05 | $17.97 |
| 05.06.05 | $38.88 |
| 05.11.05 | $35.98 |
| 05.13.05 | $18.33 |
| 05.16.05 | $30.88 |
| 05.24.05 | $18.56 |
| 05.25.05 | $18.49 |
| 06.02.05 | $9.29 |
| 06.03.05 | $31.24 |
| 06.13.05 | $50.47 |
| 06.15.05 | $9.78 |
| 06.21.05 | $4.61 |
| 06.30.05 | $74.97 |
| 07.01.05 | $9.00 |
| 07.08.05 | $10.99 |
| 07.15.05 | $19.87 |
| 08.02.05 | $105.15 |
| 08.22.05 | $24.86 |
| 09.01.05 | $83.38 |
| 09.06.05 | $28.18 |

**Total        $1526.62**

7.    Dr. Arnold Johnson

11.02.04        $109.00

**Total        $109.00**

Sears
Attn: Mr. William England
November 28, 2005
Page 4

8.      Dr. William Sargeant

| 11.17.04 | $69.00 |
| 11.22.04 | $85.00 |
| 02.15.05 | $48.00 |
| 02.23.05 | $121.50 |
| 05.16.05 | $93.74 |
| 05.24.05 | $155.80 |
| 06.20.05 | $48.00 |
| 06.28.05 | $35.00 |
| 06.29.05 | $13.00 |
| 08.02.05 | $20.00 |
| 09.14.05 | $42.00 |
| 09.20.05 | $126.30 |

**Total      $857.34**

9.      Montgomery Anesthesia Associates, P.C.

| 05.03.05 | $1200.00 |

**Total      $1200.00**

**Total Medical Expenses:   $38,136.96**

Since the above referenced incident at Sears, Ms. Carswell has continued to experience severe headaches and pain, in addition to having difficulty moving her neck. She also continues to suffer from spasms in her neck on almost a daily basis for which she has to take prescription medication. Due to the aforementioned problems, Ms. Carswell has trouble performing numerous day to day tasks. Moreover, she has scars from the surgery that are plainly visible on her neck.

Based on the foregoing, we are willing to consider settling Sally Carswell's claims for policy limits. I would appreciate a response from you within seven (7) days of your receipt of this letter.

Sincerely,

Mary A. Goldthwaite

MAG/sd

Enclosures

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SALLY CARSWELL, JAMES CARSWELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-cv-01098-WKW |
| ) | |
| SEARS, ROEBUCK AND COMPANY, ) | |
| ) | |
| Defendant. ) | |

---

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFFS' MOTION TO REMAND OR, IN THE ALTERNATIVE, MOTION TO STAY REMAND PROCEEDINGS AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

---

EXHIBIT 2:    Declarations from Defendant's Insurance Policy

---

235200500002100002

| Liberty Mutual<br>Fire Insurance Company | | **Liberty Mutual.** | | **COMMERCIAL GENERAL**<br>**LIABILITY DECLARATIONS** | | | | |
|---|---|---|---|---|---|---|---|---|

| ACCOUNT<br>00 42 49 | SUB-ACCT. NO | Liberty Mutual Insurance Group/Boston | | | | | | |
|---|---|---|---|---|---|---|---|---|
| POLICY NO.<br>RG2-C41-004249-044 | TD/CD<br>54/4 | SALES OFFICE<br>Sears, Schaumburg, IL | CODE<br>268 | SALES REPRESENTATIVE<br>Williams | CODE<br>8801 | N/R<br>2 | 1ST YR.<br>1997 |

Item 1. Named Insured  Sears, Roebuck and Co. and as per Endorsement 1
Risk Management Dept. 769RM B5-167B
3333 Beverly Road
Address  Hoffman Estates, IL 60179

The named insured is :  ☐ Individual,  ☐ Partnership,  ☒ Corporation,  ☐ Other

Business of named insured is:  Retail Stores

Item 2. Policy Period: From  Mo 04  Day 01  Year 2004  to  Mo 04  Day 01  Year 2005
12:01 A.M., standard time at the address of the named insured as stated herein.

Item 3.  In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in the policy.

LIMITS OF INSURANCE

| Coverage A, B, C - GENERAL AGGREGATE LIMIT | | |
|---|---|---|
| (Other Than Products - Completed Operations) | $ 200,000,000 | |
| Coverages A - PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT | $ See Endorsement CG21041185 | |
| Coverages A - BODILY INJURY and PROPERTY DAMAGE LIABILITY | $ 5,000,000 | per occurrence |
| Coverages A - FIRE DAMAGE LIMIT (subject to occurrence limit) | $ 5,000,000 | any one fire |
| Coverages C - MEDICAL PAYMENTS (subject to occurrence limit) | $ 500 | per person |
| Coverages B - PERSONAL and ADVERTISING INJURY LIMIT | $ 5,000,000 | per person/per organization |

Deductible Endorsement  Yes ☒  No ☐

Terrorism Risk Insurance Act
Total Advance Premium  $ [Redacted]
Annual Minimum Premium  $ Not Applicable

The premium for this policy is payable $  in advance, $  on first anniversary and $  on the second anniversary.

Audit Basis:  ☒ At Expiration, ☐ Annual, ☐ Semi-Annual, ☐ Quarterly, ☐ Monthly, ☐ Flat Charge

The declarations are completed on the schedules designated Declarations Extension Schedules

Forms and endorsements attached to this policy:
See Attached Schedule

This policy including all endorsements issued herewith, is hereby countersigned by _____
Authorized Representative

*N*1L00*

| Loc. Code<br>6 | Typed<br>Lm 5/3 | Periodic Payment | Rating Basis<br>DED | Audit Basis<br>1 | Home State<br>IL | Pol. H. G. | Renewal of<br>RG2-043 |
|---|---|---|---|---|---|---|---|

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SALLY CARSWELL, JAMES CARSWELL, )
                                             )
        Plaintiffs,                 )
                                             )
v.                                         )    CIVIL ACTION NO. 2:06-cv-01098-WKW
                                             )
SEARS, ROEBUCK AND COMPANY,   )
                                             )
        Defendant.                )

---

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFFS' MOTION TO REMAND OR, IN THE ALTERNATIVE, MOTION TO STAY REMAND PROCEEDINGS AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

---

        **EXHIBIT 3:**    Letter from Plaintiffs' Counsel of December 22, 2006

---

# McPhillips Shinbaum, L.L.P.

ATTORNEYS AND COUNSELORS AT LAW
516 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104

Julian L  McPhillips, Jr."
Kenneth Shinbaum
Aaron J  Luck
James G. Bodin**
Joseph C. Guillot
Elizabeth Bem Spear
Allison H. Highley***

Of Counsel:
 G. William Gill

TELEPHONE (334) 262-1911
TOLL FREE (866) 224-8664
FAX (334) 263-2321

December 22, 2006

Mailing Address
Post Office Box 64
Montgomery, Alabama 36101

"Also Admitted in NY

**Also Admitted in DC

***Also Admitted in WA

Office Admin. Amy Strickland

Via Fax
205-822-2057

Gregory A. Brockwell, Esq.
Glenn E. Ireland, Esq.
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216

Re:    **Carswell v. Sears Roebuck and Company**

Dear Mr. Brockwell and Mr. Ireland:

I have reviewed my client's file and your recent pleadings.

Based upon the medical records and bills (taking into account the substantial reductions mandated by Blue Cross Blue Shield contractually) I am pleased to inform you that I have the authority from my client to make a settlement demand in the amount of $71,000.00. This demand is based upon all of the medical treatment, medical expenses, pain, suffering and emotional distress my client has endured to date.

This offer will remain open until Wednesday, January 3, 2006.

Sincerely,

Aaron J. Luck

AJL/ppm

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SALLY CARSWELL, JAMES CARSWELL, )<br><br>Plaintiffs, )<br><br>v. )<br><br>SEARS, ROEBUCK AND COMPANY, )<br><br>Defendant. ) | CIVIL ACTION NO. 2:06-cv-01098-WKW |

---

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFFS' MOTION TO REMAND OR, IN THE ALTERNATIVE, MOTION TO STAY REMAND PROCEEDINGS AND FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

---

EXHIBIT 4:     Proposed Requests for Admission to Plaintiff

---

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SALLY CARSWELL, JAMES CARSWELL, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-cv-01098-WKW |
| | ) | |
| SEARS, ROEBUCK AND COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### DEFENDANT SEARS' FIRST REQUESTS FOR ADMISSION TO PLAINTIFFS

---

COMES NOW Defendant Sears, Roebuck and Co. and, pursuant to Rule 36 of the

Federal Rules of Civil Procedure, requests that Plaintiffs admit or deny the following:

1.      That Plaintiffs do not seek damages in this action in excess of $75,000.00.

2.      That the amount in controversy in this action is less than $75,000.00.

3.      That Plaintiffs forego and will not accept damages in excess of $75,000.00 in this

action.

4.      That Plaintiffs will not, after the expiration of one year from the date of filing their

Complaint, amend their Complaint to seek damages in excess of $75,000.00.

5.      That the proper measure of Plaintiff Sally Carswell's medical expenses is **only**

the amount paid in full and final payment of the medical bills, with said amount being

$13,373.93 as of the filing of Plaintiffs' Motion to Remand on January 5, 2007.

6.      That Plaintiffs will **not**, at the trial of this case, claim that the proper measure of

Plaintiff Sally Carswell's medical expenses is the total amount charged by the healthcare

providers (which was $38,176.96 as of the filing of Plaintiffs' Motion to Remand on January 5,

2007).

1

7.    That a jury in this case could reasonably return a verdict in excess of $75,000.00, exclusive of interest and costs.

8.    That Plaintiffs will not ask the jury in this case to return a verdict in excess of $75,000.00, exclusive of interest and costs.

Respectfully submitted,

_____
Glenn E. Ireland (IRE002)
Gregory A. Brockwell (BRO209)
Attorneys for Defendant

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama  35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on the following via U.S. mail, postage prepaid and properly addressed on this the _____ day of _____, 2007:

Aaron J. Luck, Esq.
MCPHILLIPS SHINBAUM, LLP
P.O. Box 64
Montgomery, AL 36101

_____
Of Counsel