**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **SALLY CARSWELL and JAMES CARSWELL,** | * | |
| **Plaintiffs,** | * | |
| | | **CASE #: 2:06-cv-06-01098-WKW-DRB** |
| **vs.** | * | |
| **SEARS, ROEBUCK AND COMPANY and FICTITIOUS DEFENDANT "A",** | * | |
| | * | |
| **Defendants.** | | |

**PLAINTIFFS' REBUTTAL RESPONSE**

COME NOW Plaintiffs, by and through undersigned counsel and hereby submit their rebuttal response to Defendant's Brief in response to Plaintiffs' Motion to Remand. In support of this motion the Plaintiffs show the following:

**A. Statement of facts**

1.      When Plaintiff's attorney made a policy limits settlement demand on November 28, 2005 the Plaintiffs did not know that the that the Defendants had a $5,000,000.00 liability insurance policy. Further it is not unusual for Plaintiff attorneys, as a starting point for negotiations to offer to settle a case for policy limits.

2.      The only settlement offer which the Plaintiffs have made in the present case for a specific dollar amount is the offer of settlement on December 22, 2006 for $71,000.00. That settlement offer was for the entire claim as opposed to the Defendants contention that it was only for the claim of the Plaintiff Sally Carswell and not for James Carswells' claim for loss of consortium.  Further, it was made after the discovery of the policy limit of Defendant.

3.     The Defendant's rebuttal response is soley based on the fact that the Plaintiff's made a policy limits demand in their mistaken contention that the Plaintiffs did not include their loss of consortium claim in their offer to settle this case for $71,000.00 on December 22, 2006. Further, the Defendants have not made any counteroffer to Plaintiff's offer of settlement on December 22, 2006 and therefore apparently the Defendants do not believe that the value of Plaintiff's claim is worth $71,000.00, much less anything more than $71,000.00.

4.     Although Plaintiff's medical charges totaled approximately $38,176.96, the healthcare providers accepted as full and final payment a total of approximately $13,373.93. Using Defendant's ratio argument in their notice of removal Plaintiff would need to recoup at least six times her medical bills to exceed $75,000.00. This multiple of her medical bills would encompass her "pain and suffering", "considerable mental anguish", "annoyance" and "inconvenience". (Complaint paragraphs 7, 10 and 13).

5.     When the Plaintiff fails to plead a specific amount of damages, the burden of proof is on the Defendant to prove by preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement, *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir.2001); *Allen v. Toyota Motor Sales, U.S.A. Inc.,* 155 Fed. Appx. 480 (11th Cir. 2005).

6.     Typically in Montgomery County when the Plaintiff's medical bills that are actually paid are less than $15,000.00 a jury would award less than $75,000.00. Further the settlement value of the case would be less than $75,000.00. With that being said, should Plaintiff prevail on this claim the likely verdict would be somewhere less than

$75,000.00.

7.      Plaintiff respectfully submits that Defendants still have not proved by preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirements.

8.      "A Plaintiff's refusal to stipulate that the amount in controversy exceeds $75,000.00, alone, is insufficient to prove that the amount in controversy exceeds the jurisdictional requirement. Williams, 269 F.3d at 1320." *Jarrell v. Giles*, 2006 U.S. Dist. Lexis 83688. Therefore the Defendants are not entitled to have their requested discovery granted.

9.      The fact that a Defendant claims a jury could award compensatory damages in excess of $75,000.00 falls short of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

10.     A federal question does not exist in the present case.

11.     The present case does not arise under the laws or constitution of the United States of America nor involves a case or controversy under the laws or constitution of the United States of America.

12.     This Court does not have subject matter diversity or pendant jurisdiction over the issues and matters in the above styled cause as required by *Williams*.

**WHEREFORE**, premises considered Plaintiff respectfully request that this Honorable Court remand this matter back to the Circuit Court of Montgomery County.

Respectfully submitted,

/s/ Aaron J. Luck
Aaron J. Luck (LUC014)
Attorney for Plaintiff

OF COUNSEL:
McPhillips Shinbaum, L.L.P.
516 S. Perry Street  (36104)
P.O. Box 64
Montgomery, AL 36101-0064
Phone 334/262-1911
Facsimile 334/263-2321

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing documents on the

following counsel of record by placing a copy of same in the US Mail, postage prepaid,

on this 5th day of February, 2007.


Gregory A. Brockwell
Glenn E. Ireland
Carr Allison
100 Vestavia Parkway
Birmingham, AL 35216

                                    /s/ Aaron J. Luck
                                   Of Counsel