IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SALLY CARSWELL and JAMES CARSWELL, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 2:06-cv-01098-WKW |
| SEARS, ROEBUCK AND COMPANY ) and FICTITIOUS DEFENDANT "A", ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Sears, Roebuck and Company ("Sears") removed this case from the Circuit Court of Montgomery County, Alabama, on December 11, 2006. Before the court is the plaintiffs' Motion to Remand (Doc. # 5), which is due to be granted, and Sears's motion to stay and for leave to conduct jurisdictional discovery (Doc. # 7), which is due to be denied.

Plaintiffs Sally and James Carswell (the "Carswells") allege that Sally was injured on the premises of Sears when a glass shelf in the shoe department fell on her. The Carswells bring state law claims for negligence and wantonness, seeking unspecified damages for personal injuries and loss of consortium. In its notice of removal, Sears alleges that the value of the Carswells' claims "could conceivably amount to more than $75,000." (Doc. # 1, ¶ 10.)

Sears's device for supplying an otherwise unspecified claim for damages is no longer allowed in the Eleventh Circuit. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).[1] Prior to *Lowery,* Alabama personal injury cases and wrongful death cases with diversity of

---

[1] Although *Lowery* was decided in a Class Action Fairness Act case, its holdings are not limited to that context. *See Constant v. Int'l House of Pancakes, Inc.*, __ F. Supp. 2d __ , No. 07-AR-0072-S, 2007 WL 1346604 (N.D. Ala. Apr. 30, 2007) (Acker, J.).

citizenship but no *ad damnum* were routinely removed to federal court and often kept there by the defendant asserting the existence of more than $75,000 in controversy and citing jury awards in excess of that amount in similar Alabama cases. In contrast to the former practice, *Lowery* now requires that the documents before the court on removal "unambiguously establish federal jurisdiction." *Id.* at 1213. District courts in this circuit are no longer able to "speculate in an attempt to make up for the notice's failings," *id.* at 1214-15, nor are courts able to consider "evidence regarding the value of other tort claims." *Id.* at 1221.[2]

The removing party continues to bear the burden of establishing the requisite jurisdictional amount in the absence of an *ad damnum* by a preponderance of the evidence. *Id*. at 1210. The district court must determine the propriety of removal on the basis of the "limited universe of evidence available when the motion to remand is filed," in accordance with the scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c). *Id.* at 1213-14. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." *Id*. at 1211.

Here, the Carswells' complaint contains no *ad damnum*. In its Notice of Removal, Sears attempts to show jurisdictional compliance with 28 U.S.C. § 1332(a) by asserting that the plaintiffs' own allegations demonstrate that Sally Carswell suffered a head injury that required surgery and that

---

[2] The *Lowery* court explains why outside evidence of jury verdicts from other tort cases is insufficient:

> As such, the evidence is not of the sort contemplated by § 1446(b). . . . [W]e question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit. . . . [T]he facts regarding other cases tell us nothing about the value of the claims in this lawsuit. . . . [W]e cannot possibly ascertain how similar the current action is to those the defendants cite.

*Id*. at 1221.

2

she is seeking compensation for her medical bills, pain and suffering, and mental anguish. Sears further states that the Carswells represented that Sally Carswell had incurred $38,136.96 in medical expenses as of November 2005. Because medical expenses are only one component of Carswells' claim for compensatory damages and the plaintiffs also seeks punitive damages, Sears reasons that "it is foreseeable that Plaintiff could constitutionally recover more than $75,000 in damages." (Doc. # 1, ¶ 15.) On the record before it, however, the court finds that Sears's conclusion is speculative. The jurisdictional amount is not clearly stated on the face of the complaint and is not readily deducible from the removal documents.

Sears alternatively seeks a stay of the remand proceedings and leave to conduct limited discovery on the issue of jurisdiction. This request must be denied pursuant to *Lowery*:

> A district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery. Doing so impermissibly lightens the defendant's burden of establishing jurisdiction. A court should not participate in a one-sided subversion of the rules. The proper course is remand.

*Lowery*, 483 F.3d at 1218 (footnotes omitted). Accordingly, no jurisdictional discovery will be allowed.

Because Sears fails to carry its burden of establishing the jurisdictional amount by a preponderance of the evidence, the case must be remanded. For the reasons expressed, it is ORDERED that:

1.  The Motion to Stay Remand Proceedings and for Leave to Conduct Jurisdictional Discovery (Doc. # 7) is DENIED;

2.  The Motion to Remand (doc. # 5) is GRANTED; therefore, this case is REMANDED to the Circuit Court of Montgomery County; and

3. The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this 12th day of June, 2007.

                                                      /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).