IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SALLY CARSWELL and JAMES CARSWELL, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 2:06-cv-01098-WKW |
| SEARS, ROEBUCK AND COMPANY and FICTITIOUS DEFENDANT "A", | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Sears, Roebuck and Company ("Sears") removed this case from the Circuit Court of Montgomery County, Alabama, on December 11, 2006. Before the court is the plaintiffs' Motion to Remand (Doc. # 5), which is due to be granted, and Sears's motion to stay and for leave to conduct jurisdictional discovery (Doc. # 7), which is due to be denied.

Plaintiffs Sally and James Carswell (the "Carswells") allege that Sally was injured on the premises of Sears when a glass shelf in the shoe department fell on her. The Carswells bring state law claims for negligence and wantonness, seeking unspecified damages for personal injuries and loss of consortium. In its notice of removal, Sears alleges that the value of the Carswells' claims "could conceivably amount to more than $75,000." (Doc. # 1, ¶ 10.)

Sears's device for supplying an otherwise unspecified claim for damages is no longer allowed in the Eleventh Circuit. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).[1] Prior to *Lowery,* Alabama personal injury cases and wrongful death cases with diversity of

---

[1] Although *Lowery* was decided in a Class Action Fairness Act case, its holdings are not limited to that context. *See Constant v. Int'l House of Pancakes, Inc.*, __ F. Supp. 2d __ , No. 07-AR-0072-S, 2007 WL 1346604 (N.D. Ala. Apr. 30, 2007) (Acker, J.).

citizenship but no *ad damnum* were routinely removed to federal court and often kept there by the defendant asserting the existence of more than $75,000 in controversy and citing jury awards in excess of that amount in similar Alabama cases. In contrast to the former practice, *Lowery* now requires that the documents before the court on removal "unambiguously establish federal jurisdiction." *Id.* at 1213. District courts in this circuit are no longer able to "speculate in an attempt to make up for the notice's failings," *id.* at 1214-15, nor are courts able to consider "evidence regarding the value of other tort claims." *Id.* at 1221.[2]

The removing party continues to bear the burden of establishing the requisite jurisdictional amount in the absence of an *ad damnum* by a preponderance of the evidence. *Id*. at 1210. The district court must determine the propriety of removal on the basis of the "limited universe of evidence available when the motion to remand is filed," in accordance with the scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c). *Id.* at 1213-14. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." *Id*. at 1211.

Here, the Carswells' complaint contains no *ad damnum*. In its Notice of Removal, Sears attempts to show jurisdictional compliance with 28 U.S.C. § 1332(a) by asserting that the plaintiffs' own allegations demonstrate that Sally Carswell suffered a head injury that required surgery and that

---

[2] The *Lowery* court explains why outside evidence of jury verdicts from other tort cases is insufficient:

> As such, the evidence is not of the sort contemplated by § 1446(b). . . . [W]e question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit. . . . [T]he facts regarding other cases tell us nothing about the value of the claims in this lawsuit. . . . [W]e cannot possibly ascertain how similar the current action is to those the defendants cite.

*Id*. at 1221.

she is seeking compensation for her medical bills, pain and suffering, and mental anguish. Sears further states that the Carswells represented that Sally Carswell had incurred $38,136.96 in medical expenses as of November 2005. Because medical expenses are only one component of Carswells' claim for compensatory damages and the plaintiffs also seeks punitive damages, Sears reasons that "it is foreseeable that Plaintiff could constitutionally recover more than $75,000 in damages." (Doc. # 1, ¶ 15.) On the record before it, however, the court finds that Sears's conclusion is speculative. The jurisdictional amount is not clearly stated on the face of the complaint and is not readily deducible from the removal documents.

Sears alternatively seeks a stay of the remand proceedings and leave to conduct limited discovery on the issue of jurisdiction. This request must be denied pursuant to *Lowery*:

> A district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery. Doing so impermissibly lightens the defendant's burden of establishing jurisdiction. A court should not participate in a one-sided subversion of the rules. The proper course is remand.

*Lowery*, 483 F.3d at 1218 (footnotes omitted). Accordingly, no jurisdictional discovery will be allowed.

Because Sears fails to carry its burden of establishing the jurisdictional amount by a preponderance of the evidence, the case must be remanded. For the reasons expressed, it is ORDERED that:

1. The Motion to Stay Remand Proceedings and for Leave to Conduct Jurisdictional Discovery (Doc. # 7) is DENIED;

2. The Motion to Remand (doc. # 5) is GRANTED; therefore, this case is REMANDED to the Circuit Court of Montgomery County; and

3.	The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this 12th day of June, 2007.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE